IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANNETTE CARLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3446 |
| | § | |
| TOMBALL INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are Defendant's Motion to Dismiss (Doc. 5) and Plaintiff's Amended Petition to Enjoin All Other Entities from Original States Cases (Doc. 6). The court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and the relief requested in Plaintiff's Amended Petition be **DENIED.**

Plaintiff filed this lawsuit on September 12, 2019, as a result of two state-court judgments that were entered against her on March 28, 2019, and May 3, 2019.[2] In the judgments, the 284th and 151st District Courts of Texas granted judgment in favor of Defendant and ordered that Defendant could foreclose on various properties owned by Plaintiff in order to satisfy Plaintiff's debt

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 11, Ord. Dated Dec. 4, 2019.

[2] See Doc. 1, Pl.'s Compl.; Doc. 5, Exs. A-7 & A-8 to Def.'s Mot. to Dismiss, State-Court Judgments.

for unpaid property taxes.³  Plaintiff filed this lawsuit arguing that the state-court judgments are void and asking that this court overturn them.⁴

Defendant filed its pending motion to dismiss on October 4, 2019.⁵  On October 25, 2019, Plaintiff filed a response to Defendant's motion to dismiss.⁶  On November 1, 2019, Plaintiff filed a document titled "Amended Petition To Enjoin All Other Entities From Original State Cases[.]"⁷  Throughout the lawsuit, Plaintiff has filed a litany of other motions and notices that request various forms of relief.  These other motions do not address the merits of Defendant's motion to dismiss and do not require discussion at this time.

Regarding Plaintiff's purported amended petition, Plaintiff seeks "to amended [her] petition to enjoin all other entities who were enjoined in original filings as Plaintiffs in State cases 17-11-13325 and 201780625 . . . ."⁸  It is not clear whether Plaintiff was allowed to amend her complaint as a matter of course. See Fed. R. Civ. P. 15(a)(B); Fed. R. Civ. P. 5(b)(2)(E); Doc. 5, Def.'s

---

³ See Doc. 5, Exs. A-7 & A-8 to Def.'s Mot. to Dismiss, State-Court Judgments.

⁴ See Doc. 1, Pl.'s Compl. p. 5.

⁵ See Doc. 5, Def.'s Mot. to Dismiss.

⁶ See Doc. 9, Pl.'s Objs. to Def.'s Mot. to Dismiss.

⁷ See Doc. 10, Pl.'s Am. Pet.

⁸ Id.

Mot. to Dismiss p. 8.  Regardless, the court cannot permit Plaintiff to add unspecified parties and will not scour the state-court record in an attempt to identify which parties Plaintiff seeks to add.  Even if the court somehow allowed Plaintiff's improper amendment, the added parties would be dismissed for the same reasons discussed below.  Accordingly, Plaintiff is **DENIED** the relief requested in her amended petition.

Proceeding to Defendant's motion to dismiss, Defendant argues that Plaintiff's lawsuit should be dismissed for multiple reasons including that it is prohibited by the Rooker-Feldman[9] Doctrine. In response to Defendant's Rooker-Feldman argument, Plaintiff makes the following arguments: (1) the lower court never proved jurisdiction; (2) the final judgments of the lower court are void; (3) the present lawsuit is not "inextricably intertwined" with a final state-court judgment; and (4) she is a living woman with constitutional protections that must be upheld by this court.

"Reduced to its essence, the Rooker–Feldman doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress." Truong v. Bank of Am., N.A., 717 F.3d 377, 382 (5th Cir. 2013)(internal quotation marks omitted)(quoting Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 462 (5th Cir. 2004)).  The

---

[9]   See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Rooker-Feldman Doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The issues raised in the federal lawsuit must be "inextricably intertwined" with the state-court judgment for the Rooker-Feldman Doctrine to apply. Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995).

This lawsuit is exactly the type contemplated by the Rooker-Feldman Doctrine. Plaintiff is directly attacking two state-court judgments that are listed in her complaint and repeatedly cited to in Plaintiff's other pleadings.[10] The judgments were awarded as a result of Defendant's tax lien foreclosure efforts and allowed Defendant to foreclose on various properties owned by Plaintiff.[11] The relief that Plaintiff requests in her complaint is for this court to: (1) remove the tax liens that were placed on Plaintiff's properties; (2) enjoin Defendant from placing any additional liens on Plaintiff's properties; (3) enjoin Defendants from conducting any foreclosure sales as ordered in the state-court judgments; and (4) award Plaintiff attorney's fees, costs, and other equitable

---

[10]  See Doc. 1, Pl.'s Compl. p. 5.

[11]  See Doc. 5, Exs. A-7 & A-8 to Def.'s Mot. to Dismiss, State-Court Judgments.

relief.[12]  Plaintiff is a state-court loser complaining of state-court judgments entered prior to this lawsuit and asks that this court review and reject those judgments.  Accordingly, the court lacks jurisdiction under the Rooker-Feldman Doctrine.

In addition to being barred by the Rooker-Feldman Doctrine, there are claim preclusion issues present in this lawsuit because Plaintiff has previously filed an almost identical lawsuit in this court.  See Carley v. Tomball Indep. Sch. Dist., CV H-18-2521, 2018 WL 6172529 (S.D. Tex. Nov. 26, 2018).  That lawsuit was dismissed with prejudice.  See id. at *6.  Finally, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Granting Plaintiff her requested relief would run directly afoul of the Anti-Injunction Act.

Based on the foregoing, the court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and that this lawsuit be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order

---

[12]   See Doc. 1, Pl.'s Compl. p. 5.

2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 15th day of April, 2020.

Nancy K. Johnson
United States Magistrate Judge